IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTAULIC COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>ROMAR SUPPLY, INC.,<br><br>      Defendant. | 1:13-cv-03788-WSD |
| VICTAULIC COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>EASTERN INDUSTRIAL<br>SUPPLIES, INC.,<br><br>      Defendant. | 1:13-cv-04050-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Romar Supply, Inc.'s Motion to Dismiss, or, in the alternative, Stay the action in Victaulic Company v. Romar Supply Inc., 13-cv-03788-WSD ("Victaulic v. Romar") [40], and Defendant Eastern Industrial Supplies, Inc.'s Motion to Dismiss, or, in the alternative, Stay the action in Victaulic Company v. Eastern Industrial Supplies, Inc., 13-cv-04050-WSD ("Victaulic v. EIS") [52].

## I.     BACKGROUND

### A.     Mueller v. Victaulic

Anvil International, LLC ("Anvil") is a New Hampshire company that produces applications used in the construction industry.  Anvil is a subsidiary of Mueller Water Products, Inc. ("Mueller"), an Atlanta based company that manufactures and markets products used in the transmission, distribution and measurement of water in North America.  Anvil created a rigid pipe coupling known as the SlideLOK, which joins two pipe segments together by forming a water-tight seal at the end of the pipe segments.  Plaintiff Victaulic Company ("Victaulic"), based in Pennsylvania, is a competitor of Anvil in the mechanical pipe joining market and owns Patents Nos. 7,086,131  ("the ′131 Patent") and 7,712,796 ("the ′796 Patent").

In January 2012, Mueller filed an inter partes reexamination request with the U.S. Patent and Trademark Office ("USPTO") for the ′131 and ′796 Patents.  The USPTO granted the request for reexamination of the ′131 Patent and some of the claims of the ′796 Patent.

On October 3, 2012, Anvil and Mueller filed a declaratory action against Victaulic in this Court for patent invalidity, seeking a declaration that the ′131 and ′796 Patents are invalid or, in the alternative, that SlideLOK does not infringe the

2

Patents (1:12-cv-03446, "Mueller v. Victaulic").  On October 19, 2012, Victaulic

filed an action against Anvil in the District Court for the Eastern District of

Pennsylvania ("EDPA"), and alleged that the SlideLOK coupling infringed on the

′131 and ′796 Patents.

On September 26, 2013, Judge Carnes issued an Order in

Mueller v. Victaulic staying the litigation pending the outcome of the USPTO

reexaminations of the ′131 and ′796 Patents.  Judge Carnes administratively

terminated the case during the stay, and ordered that any party may reopen the

action within 60 days of the USPTO's decision on the pending reexaminations or

for good cause shown.  The patent infringement action in Mueller v. Victaulic is

currently pending before Judge Jones.

On October 7, 2013, the District Court for the EDPA dismissed Victaulic's

Complaint without prejudice to avoid the possibility of inconsistent results on the

same facts at issue in Mueller v. Victaulic.  The District Court for the EDPA

allowed Victaulic's claims before it to be preserved as compulsory counterclaims

in Mueller v. Victaulic.

On November 14, 2014, Victaulic moved to lift the stay and reopen the

case in Mueller v. Victaulic, including because the complaint against Anvil was

dismissed in the District Court for the EDPA, and the USPTO had found all claims

3

of the ′796 Patent to be valid.  On March 16, 2015, Judge Jones denied Victaulic's

Motion to lift the stay and reopen the case.  Judge Jones found that Victaulic

prolonged the inter partes reexamination of the ′131 Patent by challenging the

USPTO's decision regarding the ′131 Patent's reexamination, and by "requesting

that the reexaminations continue."  Order on the Mot. to Stay in

Mueller v. Victaulic, at 9.  Judge Jones also found that the USPTO had not reached

a final decision regarding the ′796 Patent because Plaintiffs had not exhausted their

right to appeal the USPTO's decision regarding its validity.  Id. at n.1.  Based on

(1) the pending reexamination proceedings of the Patents that may potentially

simplify the issues, (2) the early stage of the litigation, and (3) the absence of

undue prejudice to Victaulic, Judge Jones continued the stay in

Mueller v. Victaulic and administratively terminated the case.

      B.     Victaulic v. EIS and Victaulic v. Romar

      On July 15, 2013, Victaulic filed a Complaint against Eastern Industrial

Supplies Inc. ("EIS") in the District Court for the District of South Carolina.  On

July 17, 2013, Victaulic filed a Complaint against Romar Supply, Inc. ("Romar")

in the District Court for the Northern District of Texas.  These are both

infringement actions, in which Victaulic alleges that EIS and Romar infringed on

the ′131 and ′796 Patents by selling SlideLOK and inducing third parties to use the

4

allegedly infringing product.  EIS and Romar claim that they are merely distributors or resellers of Anvil's product.

On November 14, 2013, the District Court for the Northern District of Texas granted Romar's Motion to Transfer the action to this Court under the first to file rule.  On December 6, 2013, the District Court for the District of South Carolina granted EIS's Motion to Transfer to this Court also under the first to file rule.

On December 3, 2013, and January 8, 2014, respectively, EIS and Romar moved to dismiss or, in the alternative, to stay the actions filed by Victaulic under the first to file rule.  Dismissal is not appropriate because a court typically declines to exercise jurisdiction over the same claims that involve the same parties in a different forum.  See Curtis v. Citibank, 226 F.3d 133, 140 (2d Cir. 2000) (holding that a district court has the authority to dismiss an action if it involves the same parties or their privies and arises out of the same transaction or series of transactions as the first suit); see also Borrero v. United Healthcare of New York, Inc., 610 F.3d 1296, 1306-09 (11th Cir. 2010) (discussing the related doctrine of claim preclusion and its judicial purpose).  The issue here is whether the Court should stay the actions filed against Romar and EIS under the first to file rule or the customer suit exception because EIS and Romar are peripheral participants in the patent dispute between Victaulic and Anvil.

5

## II.   DISCUSSION

The Court has the inherent power to manage its docket and stay proceedings, and the decision whether to stay a case rests "within the sound discretion of the Court."  See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  In determining whether to stay a patent infringement action, courts typically weigh the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and a trial date has been set.  See Robior Marketing Group v. GPS Indus. Inc., 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008); Baxa Corp. v. ForHealth Tech., Inc., No. 6:06-cv-0353-Orl-19JGG, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006).

The "'first to file rule' is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions."  Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1298 (Fed. Cir. 2012).  Competing lawsuits involving the same issues in separate actions waste judicial resources and can lead to conflicting results.  See Thomas Betts Corp. v. Hayes, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002).  "[W]here two actions involving overlapping issues and parties are pending in two

federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135-36 (11th Cir. 2005).  Under the first to file rule, a district court may choose to stay or transfer a duplicative action that is filed in another court.  Merial Ltd., 681 F.3d at 1298.  The first action concerning the ′131 and ′796 Patents was filed in Mueller v. Victaulic.

Regardless of when an action is filed, in patent cases, there is a "customer suit" exception to the first to file rule that gives priority to actions against a manufacturer.  This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."  In re Nintendo of America, Inc., 756 F.3d 1363, 1365 (Fed. Cir. 2014); see also Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990) (citation omitted) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."); Spread Spectrum Screening LLC v. Eastman Kodak Co., 657 F.3d 1349, 1357 (Fed. Cir. 2011).

In Nintendo, the Federal Circuit applied the "customer suit exception" to actions against the distributors of Nintendo, and held that "since Nintendo's liability is predicate to recovery from any of the defendants, the case against

Nintendo must proceed first, in any forum . . . we conclude that the district court should have exercised its discretion to grant the [stay]." 756 F.3d at 1366. The customer-suit exception applies here because EIS and Romar, as distributors of Anvil's products, merely sell SlideLOK. Recovery from EIS and Romar is dependent upon a resolution of the infringement and validity of the Patents, which is a focus of the litigation between Anvil and Victaulic.

The Court concludes that Victaulic's actions against EIS and Romar are required to be stayed pending the resolution of validity and infringement pending in Mueller v. Victaulic. Staying these actions to allow a resolution of the patent validity and infringement claim in Mueller v. Victaulic avoids potentially inconsistent results and otherwise promotes litigation efficiency.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Romar Supply, Inc.'s Motion to Stay the action in Victaulic v. Romar, 13-cv-03788-WSD [40], and Defendant Eastern Industrial Supplies, Inc.'s Motion to Stay the action in Victaulic v. EIS, 13-cv-04050-WSD [52] are **GRANTED**.

**IT IS FURTHER ORDERED** that the actions in Victaulic v. Romar and Victaulic v. EIS are **STAYED** until further order of the Court. The parties shall

advise the Court when the proceedings in <u>Mueller v. Victaulic</u> are concluded.


**SO ORDERED** this 18th day of March, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE